JOSEPH F. PORTER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CLYDE H. PORTER AND WILLIE MAE PORTER, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11333, 11334. Promulgated September 30, 1947.

*Ralph E. Mullin, Esq.*, and *John H. Lucas, Esq.*, for the petitioners. *Frank M. Cavanaugh, Esq.*, for the respondent.

**OPINION.**

Van Fossan, *Judge*: The issue at bar is whether the distributions of June 27, 1941, November 5, 1941, and April 3, 1942, were separate transactions, each constituting a dividend "in partial liquidation," as defined by section 115 (i) of the Internal Revenue Code, or were parts

of a series of distributions in complete liquidation, as defined in section 115 (c).[1] It is essentially a question of fact.

The statute supplies the test by which the determination is to be made when it specifies that to constitute "complete liquidation" the distributions by a corporation shall be in complete cancellation or redemption of all of its stock "in accordance with a bona fide plan of liquidation," the liquidation to be completed within specified time limits.

In the instant case we have searched the record assiduously for such a plan in the year 1941, but have failed to find it. On the contrary, we have been forced to make the ultimate finding of fact that no such plan existed in 1941. True, there was testimony by the taxpayers, on which they ask a favorable finding, but in the premises, confronted by the formal written corporate record concurrently made, such self-serving testimony can not be held to overcome the logical and reasonable inference to be drawn from such record, nor can it supply the missing steps in the formal procedure. We can not avoid the above conclusion when it is noted that in the corporate resolutions of 1941 there is no word or suggestion of the adoption or existence of a plan of dissolution or complete liquidation; that Form 966,[2] as required by section 148 (d) of the Internal Revenue Code, was not filed in 1941; that in the resolutions of April 1942 for the first time reference is made to

---

[1] SEC. 115. DISTRIBUTION BY CORPORATIONS.

\* \* \* \* \* \*

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117, the gain so recognized shall be considered as a short-term capital gain, except in the case of amounts distributed in complete liquidation. For the purpose of the preceding sentence, "complete liquidation" includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan, not exceeding from the close of the taxable year during which is made the first of the series of distributions under the plan, (1) three years, if the first of such series of distributions is made in a taxable year beginning after December 31, 1937, or (2) two years, if the first of such series of distributions was made in a taxable year beginning before January 1, 1938.

\* \* \* \* \* \* \*

(i) DEFINITION OF PARTIAL LIQUIDATION.—As used in this section the term "amounts distributed in partial liquidation" means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

\* \* \* \* \* \* \*

[2] SEC. 29.148-2 [Regulations 111]. RETURN OF INFORMATION RESPECTING CONTEMPLATED DISSOLUTION OR LIQUIDATION.—(a) Making and filing of returns.—Within 30 days after the adoption of any resolution or plan for or in respect of the dissolution of a corporation or the liquidation of the whole or any part of its capital stock, the corporation shall file with the Commissioner of Internal Revenue, Washington, D. C., attention of the Income Tax Unit, Records Division, a correct return on Form 966, made under oath or affirmation and containing the information required by paragraph (b) of this section and by such form. A like return shall be filed by the corporation in the case of any amendment of, or supplement to, a resolution or plan for or in respect of the dissolution of the corporation or the liquidation of the whole or any part of its capital stock. \* \* \*

"a final liquidation and distribution" of Inland; and that in consonance with the regulations a properly filled out Form 966 was filed. It is also to be observed that the 1942 resolution does not refer to a plan theretofore adopted or already in existence.

The case is to be decided by what was actually done by the corporation, not by the unconvincing or nebulous intention of some of the interested stockholders. The 1942 resolution can not be applied retroactively to 1941. Giving full credence to the testimony of the stockholders and assuming that they did discuss complete liquidation, the deficiencies in the formal record are so pronounced and so vital that we are compelled to the conclusion that the statute has not been complied with. Nor does the fact that they acted under advice, in an effort to reduce their tax liability by spreading their procedure over two years, fill the void in the formal record. If, as petitioners claim, Inland had adopted a bona fide plan in 1941, normal procedure would have been to take corporate action reflecting the same, and to have acted in conformity therewith. This was not done. The absence of records in harmony with the statutory requirements is significant and confirms our conclusion that no bona fide plan of liquidation existed. The action of the respondent is approved.

*Decision will be entered for the respondent.*